## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Olivia Sanders | John LeCrone |
| | Evelyn Wang |

**Proceedings:**     DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS (Dkt. No. 22, filed January 23, 2015)

## I.     INTRODUCTION

On November 12, 2014, plaintiff Kathleen A. Melez, M.D. filed this employment action challenging her termination by defendants Kaiser Foundation Hospitals, Inc., Kaiser Foundation Health Plan, Southern California Permanente Medical Group, and Does 1 through 50. Dkt. No. 1 ("Cmplt."). She asserts claims for: (1) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §12940(a), et seq.; (2) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. and § 623, et seq.; (3) retaliation in violation of the FEHA, Cal. Gov. Code § 12940(h), et seq.; (4) retaliation under the ADEA; (5) failure to prevent discrimination and harassment in violation of the FEHA, Cal. Gov. Code § 12940(k), et seq.; (6) unlawful harassment under the ADEA; (7) wrongful termination in violation of public policy; and (8) punitive damages. On January 23, 2015, defendants filed a motion to compel arbitration. Dkt. No. 22 ("Mtn."). On February 9, 2015, plaintiff filed an opposition, arguing that the arbitration agreement is unconscionable and thus unenforceable. Dkt. No. 25 ("Opp."). On February 13, 2015, Defendants filed a reply. Dkt. No. 27 ("Repl."). On March 2, 2015, the Court held a hearing on the matter. For the reasons stated below, the court grants the motion to compel arbitration and stay proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                    'O'

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

## II.    FACTUAL BACKGROUND

Defendants work together to provide medical services to patients in California. Cmplt. ¶¶ 14-18.  Specifically, Southern California Permanente Medical Group ("SCPMG") is a general partnership of physicians that contracts to provide medical services to members of Kaiser Foundation Health Plan, Inc. at medical facilities owned and operated by Kaiser Foundation Hospitals.  Mtn. at 25, Declaration of Douglas J. Killion, M.D. ("Killion Decl.") ¶ 2.[1]

Plaintiff is both a certified pediatrician and a licensed attorney.  Plaintiff's Declaration ("Plaintiff Decl.") ¶ 13.  Plaintiff claims, however, that: "my legal work experience is limited.  I have performed as a pro bono mediator in small claims actions. My other experience with the practice of law has been assisting with litigation in one case.  I have no expertise in contract review, litigation or arbitration.  I certainly have no expertise in dealing with the requirements for a valid arbitration agreement."  Id.

Plaintiff began working for SCPMG as a per diem physician in 1991.  Cmplt. ¶¶ 2, 13, 25; Killion Decl. ¶ 4.  By 2006, plaintiff's supervisor was aware that plaintiff was responsible for caring for her 94-year-old mother, that plaintiff depended on her employment with defendants for her main source of income, and that she relied on her evening and weekend schedule for flexibility in arranging caretakers.  Plaintiff Decl. ¶¶ 7-8.

Over a decade after plaintiff began working for SCPMG, she was presented with its Dispute Resolution Procedure ("DRP").  See id. ¶¶ 5, 9.  According to plaintiff: "I objected to signing the Dispute Resolution Procedure and delayed signing it until I was forced to do so.  I advised my supervisor of my objection, but I was given two options: sign; or be terminated.  I could not afford to lose my job, so I signed the agreement."  Id. ¶ 9.

---

[1] The motion to compel arbitration, the Killion declaration, the LeCrone declaration, and the exhibits to the declarations appear together as a single, consecutively paginated document.  The Killion declaration is docketed at pages 24-27 of the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|----------|------------------------------|------|---------------|
| Title    | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

Thus, on December 21, 2006, plaintiff signed an acknowledgment that she had read and agreed to abide by the DRP:

> I have received a copy of the Dispute Resolution Procedure approved by the SCPMG Board of Directors on May 18, 2006, and have read it. I agree to abide by the Dispute Resolution Procedure and by any changes made to it from time to time by the SCPMG Board of Directors.

Killion Decl., Ex. B at 1.[2] Further, on July 28, 2007, plaintiff signed a Per Diem Physician Employment Contract ("Employment Contract") affirming her agreement to follow the DRP and the SCPMG Partnership Agreement/Rules & Regulations ("Partnership Agreement"):

> SECTION VIII – DISPUTE RESOLUTION AND ARBITRATION
> Physician and SCPMG agree to follow the Dispute Resolution Procedure, and the Rules and Regulations.

Killion Decl., Ex. A at 3.[3] Although Plaintiff appears to have read and objected to the DPR, Plaintiff Decl. ¶ 9, and although she admits that she subsequently signed the Employment Contract, id. ¶ 5, she denies that she received a copy of the Partnership Agreement referred to as the "Rules and Regulations" in the Employment Contract, id. ¶ 4. Plaintiff also denies that she received the American Arbitration Association Rules and Mediation Procedures ("AAA Rules") referenced in the DRP. Id. ¶ 6.

The Partnership Agreement designates the DRP as the exclusive remedy for any dispute between a physician and SCPMG, including a claim for wrongful termination, discrimination, harassment, or retaliation:

---

[2] The Acknowledgment is docketed at pages 33-34 of the motion to compel arbitration.

[3] The Employment Contract is docketed at pages 28-32 of the motion to compel arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

(a)  It is in the interest of SCPMG and its Physicians that any dispute between a Physician and SCPMG be resolved quickly and fairly. Should any matter remain unresolved after informal efforts have been exhausted, this Dispute Resolution Procedure ("DRP") shall be used as the exclusive means for resolution of such disputes, except as specified below.

(b)  This DRP applies to any dispute involving a Physician and SCPMG that would otherwise be cognizable in a court of law, including, without limitation, any dispute related to a Physician's relationship with SCPMG or any alleged termination of that relationship, whether based on contract, tort, state or federal statute, ordinance or regulation. Examples of disputes covered by this DRP include, but are not limited to, claims one party may bring against the other or against the officers, directors, employees, partners or agents of such party for breach of contract (express or implied), breach of covenant of good faith and fair dealing, theft, damage to property, unfair business practices, unfair competition, false advertising, violation of obligation to preserve trade secrets, interference with contract, interference with prospective economic advantage, wrongful termination or demotion in violation of public policy, retaliation or retaliatory discharge, discrimination (because of race, sex, national origin, religion, age, disability, marital status, or sexual orientation), failure to accommodate, unlawful harassment, denial of leave, intentional and negligent infliction of emotional distress, fraud and deceit, negligent misrepresentation, libel, slander, invasion of privacy, assault, battery, false imprisonment, conversion, malicious prosecution or abuse of process, breach of fiduciary duty, and claims for payment of draws or other forms of partner compensation, return of capital contribution, or, for non-partner Physicians, claims for wages, commissions, and bonuses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

Killion Decl., Ex. D ¶ I(1).[4]

Both the DPR (which plaintiff apparently received, <u>see</u> Plaintiff Decl. ¶ 9) and the Rules and Regulations (which she denies receiving, <u>see id.</u> ¶ 4) describe the procedure for resolving any dispute between a physician and SCPMG, including binding arbitration before the American Arbitration Association ("AAA").  <u>See</u> Killion Decl., Ex. C; <u>id.</u>, Ex. D ¶ I(2)-(6).[5]

While the DRP specifically references the AAA Rules and provides a URL link (www.adr.org) to the website where these rules are posted, it also independently details the steps to initiate the arbitration, select a neutral, pay attorneys' fees, engage in discovery, resolve discovery disputes, and conduct the hearing.  <u>Id.</u> at 5-7.  In the event of conflict between the rules of the AAA and the DRP, the DRP controls.  <u>Id.</u> at 7.

## III.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA reflects a "liberal federal policy favoring arbitration agreements."  <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 25 (1991) (quoting <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983)).  The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute."  <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 626 (1985).  The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms.  <u>Chiron Corp. v. Ortho Diagnostic Sys.</u>, 207 F.3d 1126, 1130 (9th Cir. 2000).

---

[4] The Partnership Agreement is docketed at pages 44-202 of the motion to compel arbitration.

[5] The DRP is docket at pages 35-43 of the motion to compel arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|---|
| Case No. | No. 2:14-cv-08772-CAS (VBKx) | | Date | March 2, 2015 |
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | | |

When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 __ U.S. __, 131 S. Ct. 1740, 1746 (2011). The party asserting a defense to the enforceability of an arbitration agreement has the burden of proving that defense by a preponderance of the evidence. See Engalla v. Permanente Med. Grp., 15 Cal. 4th 951, 972 (1997).

## IV.    ANALYSIS

### A.    Whether the DPR is Enforceable

Plaintiff argues that the DPR is unconscionable and thus unenforceable. Courts apply state contract law to determine the enforceability of an arbitration agreement. Pokorny v. Quixtar, 601 F.3d 987, 994 (9th Cir. 2010). Under California law, "a contractual provision is unenforceable if it is both procedurally and substantively unconscionable." Kilgore v. KeyBank, Nat'l Ass'n, 718 F.3d 1052, 1058 (9th Cir. 2013) (citing Armendariz v. Found. Health Psychare Servs., Inc., 24 Cal. 4th 83, 89 (2000)). These two prongs operate on a sliding scale: greater substantive unconscionability can make up for a lesser showing of procedural unconscionability, and vice versa. Armendariz, 24 Cal. 4th at 89. If the court determines that contractual provisions are unconscionable, it must decide whether they are severable from the rest of the contract. Id. at 121-22.

#### 1.    Procedural Unconscionability

Procedural unconscionability concerns the manner in which the contract was negotiated and the circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement. Ferguson v. Countrywide Credit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

Indus., Inc., 298 F.3d 778, 783 (9th Cir. 2002); A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 484 (1982).

"Oppression" addresses the weaker party's absence of choice and unequal bargaining power that results in "no real negotiation" and an absence of "meaningful choice." A&M Produce, 135 Cal. App. 3d at 486. "Surprise" concerns the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party. Parada v.Superior Court, 176 Cal. App. 4th 1554, 1568 (2009).

### a.    Oppression

In the context of oppression, "[t]he threshold inquiry in California's unconscionability analysis is 'whether the arbitration agreement is adhesive.'" Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1281 (9th Cir. 2006) (quoting Flores v. Transamerica HomeFirst, Inc., 93 Cal. App. 4th 846, 850 (2001)). A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." Stirlen v. Supercuts, Inc., 51 Cal. App. 4th 1519, 1533 (1997) (internal quotation marks and citations omitted).

"As part of SCPMG's regular practice in retaining per diem physicians, SCPMG provides those physicians with a copy of the [Partnership Agreement]" designating the DPR as the exclusive remedy for disputes between physicians and SCPMG. Killion Decl. ¶ 6. Thus, SCPMG admits that "in choosing to work as a physician at SCPMG, physician employees agree to be bound by SCPMG's dispute resolution procedure." Mtn. at 2. Likewise, plaintiff asserts that when she informed her supervisor of her objection to the DPR, she "was given two options: sign; or be terminated." Plaintiff Decl. ¶ 9.

SCMPG argues that the DRP was not a contract of adhesion because plaintiff "is a highly educated doctor" and allegedly "had numerous options for her career, but . . . voluntarily chose to take a position with SCPMG." Mtn. at 10. However, the fact that plaintiff may be sophisticated and have other employment options does not necessarily mean that she received an opportunity to bargain. See Stirlen, 51 Cal. App. 4th at 1533 ("Supercuts maintains that the contract here is not adhesive because . . . Stirlen was not a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

person desperately seeking employment but a successful and sophisticated corporate executive . . . . We are unpersuaded.").

Further, SCPMG asserts that even if the DRP were adhesive, it was not oppressive, citing, inter alia, Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991); Sonic-Calabasas A, Inc. v. Moreno, 57 Cal. 4th 1109, 1148 (2014); and Peng v. First Republic Bank, 219 Cal. App. 4th 1462, 1469-72 (2013). Mtn. at 9-10; Repl. at 3-4. As recently as 2014, numerous cases (including those cited by SCPMG ) have held that contracts of adhesion are procedurally unconscionable. See Sonic-Calabasas A, 57 Cal. 4th at 1142-45 (2014) (concluding that Concepcion did not affect unconscionability doctrines ensuring that "contracts, particularly contracts of adhesion, do not impose" unfair terms); Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 922-23 (9th Cir. 2013) (citing with approval prior cases finding contracts of adhesion to involve some degree of procedural unconscionability as a matter of law); Newton v. Am. Debt. Servs., Inc., 549 F. App'x 692, 694 (9th Cir. 2013) (unpublished) ("Defendants concede the arbitration agreement was an adhesion contract. As a result, it is oppressive (and therefore procedurally unconscionable)."[6]

Nonetheless, while the fact that a plaintiff is sophisticated and has access to other employment options may not entirely eliminate the existence of procedural unconscionability, it can serve to mitigate the degree of oppression she experienced. See Ajamian v. CantorCO2e, L.P., 203 Cal. App. 4th 771, 796-97 (2012) (Where the plaintiff was an "educated" employee who was promoted from office manager to broker, the court held that "[w]here there is no other indication of oppression or surprise, the degree of procedural unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high."); Dotson v.

---

[6] See also Trivedi v. Curexo Tech. Corp., 189 Cal. App. 4th 387, 393 (2010) ("Procedural unconscionability occurs when the stronger party drafts the contract and presents it to the weaker party on a 'take it or leave it basis.' "); Flores, 93 Cal. App. 4th at 853 ("A finding of a contract of adhesion is essentially a finding of procedural unconscionability."); Stirlen, 51 Cal. App. 4th at 1533 ("[T]he threshold question is whether the subject arbitration clause is part of a contract of adhesion, thereby establishing the necessary element of procedural unconscionability.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

Amgen, Inc., 181 Cal. App. 4th 975, 981 (2010) (Where the plaintiff was a "highly educated attorney," the court held that "under the facts of this case, procedural unconscionability is present only because the offer was presented on a take-it-or-leave-it basis . . . . In such circumstances, the courts have found a minimum degree of procedural unconscionability.")[7]  Thus, although the DRP is adhesive, the agreement is not highly oppressive under the totality of the circumstances.[8]

### b.   Surprise

SCMPG admits that it did not provide plaintiff with a copy of the AAA Rules referenced in the DRP.  Mtn. at 11 n.1.  SCMPG correctly argues that the failure to attach the rules is not alone enough to sustain a finding of procedural unconscionability.  Mtn. at 11 n.1; Repl. at 6-7.  However, a number of courts have noted that the failure to attach the rules can support a finding of surprise when combined with further unconscionability factors.  See Grabowski v. Robinson, 817 F. Supp. 2d 1159, 1172 (S.D. Cal. 2011) (holding that "the failure of Defendants to supply Plaintiff with [the Arbitration Procedures] at the time he signed the agreements adds an element of surprise, and therefore procedural unconscionability."); Carmona v. Lincoln Millennium Car Wash, Inc., 226 Cal. App. 4th 74, 84 (2014) (holding that "[f]ailure to provide the applicable arbitration rules is another factor that supports procedural unconscionability."); Lane v. Francis Capital Mgmt. LLC, 224 Cal. App. 4th 676, 690 (2014) (confirming that failure to attach the rules, "by itself, is [not] sufficient to sustain a finding of procedural

_____

[7] See also Roman v. Superior Court, 172 Cal. App. 4th 1462, 1470 (2009) (holding that "[w]hen bargaining power is not grossly unequal and reasonable alternatives exist, oppression typically inherent in adhesion contracts is minimal"); Woodside Homes of Ca., Inc. v. Superior Court, 107 Cal. App. 4th 723, 730 (2003) (finding contracts to "lack most, if not all, of the procedurally unconscionable factors" where "there is no evidence of either de facto coercion, lack of choice, or ignorance and unsophistication").

[8] Plaintiff's sophistication renders this case distinguishable from Poublon v. C.H. Robinson Co., et. al., No. 2:12-cv-06654-CAS (MANx), 2015 WL 588515 (C.D. Cal. Aug. 1, 2012), an action in which this court denied a motion to compel arbitration.  The plaintiff in Poublon was an account manager, not a physician/attorney.  See Poublon, 2015 WL 588515, at *1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

unconscionability," but "could be a factor in support of a finding of procedural unconscionability").[9]

Plaintiff contends that the DPR contains a further unconscionability factor: the possibility for modification of its terms without her knowledge or consent. See Opp. at 10-11. Under the acknowledgment she signed on December 21, 2006, plaintiff agreed to abide not only by the DPR, but also by "any changes made to it from time to time by the SCPMG Board of Directors." Killion Decl., Ex. B. Plaintiff does not dispute that the Board of Directors has not made any changes. See id. ¶ 7; Opp. at 10. Instead, she notes that the AAA amended its rules in November 2009, and its fee schedule in November 2014. Id. at 11. Since the DPR incorporates the AAA Rules by reference, plaintiff argues that these amendments "could constitute a change to the DPR." Id. However, the AAA Rules controvert her argument by providing that they "shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA." Dkt. No. 22, Declaration of John LeCrone ("LeCrone Decl."), Ex. E at Rule 1.[10] "When an agreement references other rules but does not specify which version of the rules should apply to the dispute, but the referenced rules themselves answer that question, those rules control." Lucas v. Gund, Inc., 450 F. Supp. 2d 1125, 1132 (C.D. Cal. 2006).

Courts have recognized that the reservation of the right to modify does not per se render an arbitration agreement unenforceable. For example, in Serpa v. California

---

[9] See also Peng v. First Republic Bank, 219 Cal. App. 4th 1462, 1470-72 (2013) (concluding that "the failure to attach the AAA rules, standing alone, is insufficient grounds to support a finding of procedural unconscionability," but can support the finding when combined with other unconscionable features); Trivedi, 189 Cal. 4th at 393 ("Numerous cases have held that the failure to provide a copy of the arbitration rules to which the employee would be bound, supported a finding of procedural unconscionability."); Harper v. Ultimo, 113 Cal. App. 4th 1402, 1406-07 (2003) (finding procedural unconscionability where rules were referenced but not attached, forcing the signer "to go to another source to find out the full import of what he or she is about to sign").

[10] The AAA Rules are docketed at pages 205-56 of the motion to compel arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|----------|------------------------------|------|---------------|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

Surety Investigations, Inc., 215 Cal. App. 4th 695, 706 (2013), the court held that "the implied covenant of good faith and fair dealing limits the employer's authority to unilaterally modify the arbitration agreement and saves that agreement from being illusory and thus unconscionable." Serpa relied on 24 Hour Fitness, Inc. v. Superior Court, 66 Cal. App. 4th 1199, 1214 (1998), which held that an agreement to arbitrate was not illusory because the "discretionary power to modify the terms of the [agreement] indisputably carries with it the duty to exercise that right fairly and in good faith." Accord, e.g., Martinez v. Scott Specialty Gases, Inc., 83 Cal. App. 4th 1236, 1246 (2000) ("[A]n employer's reservation of the right to modify does not render the contract unenforceable as unconscionable, illusory, or lacking in mutuality of obligation. . . .").[11] Thus, while the challenged provision creates the potential for surprise, the facts that SCPMG has never enforced the provision, and that changes to the AAA rules do not apply retroactively, temper the degree of surprise.[12]  Overall, the agreement at issue is procedurally unconscionable, but not highly so.

### 2.     Substantive Unconscionability

Plaintiff contends that the DPR contains four additional substantively unconscionable provisions, which so permeate the agreement that the provisions are non-severable, and the agreement is unenforceable.  SCPMG denies that the DPR's terms are

---

[11] Plaintiff relies on Ramirez-Baker v. Beazer Homes, Inc., 636 F. Supp. 2d 1008, 1022 (E.D. Cal. 2008).  Opp. at 11.  However, unlike the DPR, the Ramirez-Baker arbitration agreement gave the defendant the unilateral authority to terminate as well as modify the agreement.  See id. at 1021-22 (finding that a provision allowing defendant "the unilateral power to terminate or modify the contract is substantively unconscionable").

[12] Unlike the arbitration agreement held procedurally unconscionable in Poublon, the DPR only references the AAA Rules, without also referring to Arbitration Procedures on defendants' intranet.  In Poublon, this Court was concerned that plaintiff had "to consult not one, but two separate sources" to understand the agreement, and that defendants had the unlimited ability "to unilaterally modify the Arbitration Procedures . . . adding an additional element of surprise."  See Poublon, 2015 WL 588515 at *4-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

substantively unconscionable, and urges the court to sever any terms that it deems to be objectionable. The court addresses each challenged provision below.

### a.    Discovery Limitations

Except "upon a showing of good cause," the DPR restricts discovery to the following:

> (i) The right to serve on the other party one set of interrogatories in a form consistent with Rule 33 of the Federal Rules of Civil Procedure, which shall be limited to twenty-five (25) questions (including sub-parts, which shall be counted separately); (ii) The right to serve on the other party one set of document requests in a form consistent with Rule 34 of the Federal Rules of Civil Procedure, which shall be limited to twenty-five (25) requests (including subparts, which shall be counted separately); (iii) The right to conduct up four ( 4) seven-hour days of depositions in total of witnesses or the parties in accordance with the procedures set forth in Rule 30 of that Federal Rules of Civil Procedure; (iv) in addition to the foregoing deposition(s), the right to conduct the deposition of any expert witness designated by the other party; (v) the right to subpoena the production of documents from third parties; and (vi) the right to seek a physical or mental examination consistent with Rule 35 of that Federal Rules of Civil Procedure.

Killion Decl., Ex. C. at 42.

Plaintiff argues that the DPR's restrictions on discovery are unconscionable, citing Kinney v. United HealthCare Servs., Inc., 70 Cal. App. 4th 1322, 1332 (1999). Opp. at 11-12. In Kinney, the court interpreted a discovery limitation of one interrogatory for identification of witnesses, 25 document requests, and two eight-hour depositions. *Id.* The court reasoned that "[g]iven that [the employer] is presumably in possession of the vast majority of evidence that would be relevant to employment-related claims against it, the limitations on discovery, although equally applicable to both parties, work to curtail the employee's ability to substantiate any claim against [the employer]."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

In Armendariz v. Found. Health Psychare Servs., Inc., the California Supreme Court explained that while arbitration can restrict discovery, employees "are at least entitled to discovery sufficient to adequately arbitrate their statutory claim, including access to essential documents and witnesses, as determined by the arbitrator(s) and subject to limited judicial review." 24 Cal. 4th 83, 89 (2000). The court "recognize[d] . . . that a limitation on discovery is one important component of the 'simplicity, informality, and expedition of arbitration.'" Id. at 106 n.11 (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 31 (1991)).

Even so, the Armendariz court explained that this "desirable simplicity" must be balanced with a plaintiff's need for discovery to prove her statutory claims. Id. The California Supreme Court later characterized this part of Armendariz as designed "to ensure minimum standards of fairness in arbitration so that employees subject to mandatory arbitration agreements can vindicate their public rights in an arbitral forum." Little v. Auto Stiegler, Inc., 29 Cal. 4th 1064, 1080 (2003). In Fitz v. NCR Corp., for example, the California Court of Appeal applied Armendariz in finding an arbitration agreement's discovery limitations substantively unconscionable. 118 Cal. App. 4th 702, 715-19 (2004). The court described these limitations as follows:

> The ACT policy limits discovery to the sworn deposition statements of two individuals and any expert witnesses expected to testify at the arbitration hearing. The policy also requires all exhibits and a list of potential witnesses to be exchanged at least two weeks in advance of the arbitration hearing. No other discovery is allowed unless the arbitrator finds a compelling need to allow it. The policy requires the arbitrator to limit discovery as specified in the agreement unless the parties can demonstrate that a fair hearing would be impossible without additional discovery.

Id. at 716 (emphasis in original). The Fitz court reasoned that these limits unduly burdened the employee in prosecuting a complex case because she needed the arbitrator's approval to depose most of her witnesses. Id. at 717. The arbitrator's authority to allow more discovery did not constitute an adequate "safety valve" because of the "impossibility" standard constraining his or her discretion. Id. The court also rejected an argument that the limits on discovery were mutual because they applied to both parties,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

reasoning that employers generally have many of the relevant documents and witnesses. Id. at 716 (citing Mercuro v. Superior Court, 96 Cal. App. 4th 167, 183 (2002)).

Other post-Armendariz courts have offered similar reasons for holding extreme limits on discovery to be unconscionable, especially where the limits were one-sided or imposed too stringent a standard for obtaining additional discovery where needed. See, e.g., Ferguson v. Countrywide Credit Indus., 298 F.3d 778, 786 (9th Cir. 2002) (agreement restricted discovery to three depositions (not counting the deposition of experts) and 30 requests of any kind, and further stated that the deposition of a corporate representative could cover no more than four designated subjects without imposing such a limitation on the deposition of an employee); Openshaw v. FedEx Ground Package Sys., Inc., 731 F. Supp. 2d 987, 995 (C.D. Cal. 2010) (agreement completely foreclosed discovery except on damages); Ontiveros v. DHL Exp. (USA), Inc., 164 Cal. App. 4th 494, 511-14 (2008) (agreement restricted discovery to one deposition and requests for production of documents, subject to the arbitrator's allowance of more discovery "upon a showing of substantial need").

However, courts have upheld less severe discovery limits. See, e.g., Grabowski v. Robinson, 817 F. Supp. 2d 1159, 1175 (S.D. Cal. 2011) (upholding agreement that "does not limit the employee to only one deposition, and . . . names the Arbitrator as the decisionmaker on whether discovery should be granted"); Sanchez v. Carmax Auto Superstores Cal., LLC, 224 Cal. App. 4th 398, 478-79 (2014) (upholding discovery restricted to relevant documents, personnel file, 20 interrogatories, and three depositions, with additional discovery on a showing of "substantial need," where plaintiff "does not make any showing that he could not maintain his claim without more discovery"); Mercuro, 96 Cal. App. at 182-83 (upholding discovery restricted to three depositions and 30 discovery requests, with additional discovery "upon a showing of good cause," but with a presumption against increasing the number of requests, where plaintiff had no evidence that the provisions as applied "would necessarily prevent [him] from vindicating his statutory rights").

The DPR permits substantially greater discovery than the agreements held unconscionable in the cases discussed above. Further, the DPR allows the arbitrator to authorize further discovery "upon a showing of good cause," rather than a higher standard such as impossibility of a fair hearing without such discovery (Fitz, 118 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

App. 4th at 716) or "substantial need" (Ontiveros, 164 Cal. App. 4th at 511). Plaintiff does not present any evidence to establish that these restrictions will prevent her from vindicating her statutory rights. Because the DPR is more akin to the limitations that have been upheld than with those that have been struck down, the DPR's limitations on discovery are not substantively unconscionable.[13]

#### b.      Judicial Resolution Carve-Out

The DPR contains a carve-out for judicial resolution of:

(i) any claim by a non-partner Physician for worker's compensation benefits; (ii) a judicial action by either party for a temporary restraining order or a preliminary injunction to preserve the status quo pending arbitration; (iii) any report to a law enforcement agency regarding conduct believed to be a crime; and (iv) any report to a professional board of the State of California required by law.

Killion Decl., Ex. C. at 37. The DPR also permits "the notification of an administrative agency of the federal or state government by the filing of a charge or complaint which alleges discrimination, failure to pay compensation or other violation of law." Id.

Plaintiff argues that "[t]he unconscionability of such a provision is beyond reasonable dispute" because "[t]his exemption has been found to be the most common actions brought by employers against employees." Opp. at 12, citing Grabowski v. Robinson, 817 F. Supp. 2d 1159, 1173-74 (S.D. Cal. 2011). The Grabowski provision exempted the following:

(1) Worker's Compensation claims; (2) claims related to unemployment insurance; and (3) any claims by the Company that includes a request for

---

[13] In Poublon, this Court held that substantially more restrictive discovery limitations were not unconscionable. In that case, the parties could only receive, "except on a substantial showing of good cause . . . the exchange of relevant documents and three depositions per side." Poublon, 2015 WL 588515 at *10-11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|----------|------------------------------|------|---------------|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

injunctive or equitable relief, including, without limitation, claims related to its enforcement of any restrictive covenants, non-competition obligations, non-solicitation obligations and/or confidential information provisions contained in any Company policy and/or employment agreement(s) entered into between You and the Company and/or any claims to protect the Company's trade secrets, confidential or proprietary information, trademarks, copyrights, patents, or other intellectual property.

Id. at 1173.

As the Ninth Circuit has explained, "[w]here the party with stronger bargaining power has restricted the weaker party to the arbitral forum, but reserved for itself the ability to seek redress in either an arbitral or judicial forum, California courts have found a lack of mutuality supporting substantive unconscionability." Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1285 (9th Cir. 2006). Indeed, the California Supreme Court has held that "an agreement requiring arbitration only for the claims of the weaker party but a choice of forums for the claims of the stronger party" is substantively unconscionable. Armendariz v. Found. Health Psychare Servs., Inc., 24 Cal. 4th 83, 119 (2000).

For example, in Martinez v. Master Protection Corp., the California Court of Appeal held unconscionable a provision that required the employee to arbitrate, but allowed the employer to obtain judicial resolution of claims "for injunctive and/or other equitable relief for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information." 118 Cal. App. 4th 107, 115 (2004). The court reasoned that the provision "requires employees to arbitrate the claims they are most likely to assert against [the employer], while simultaneously permitting [the employer] to litigate in court the claims it is most likely to assert against its employees." Id.

Similarly, in Mercuro v. Superior Court, 96 Cal. App. 4th 167, 172 (2002), the court of appeal held unconscionable a provision that "covered some employment-related claims including employment discrimination but excluded others such as injunctive or other equitable relief for unfair competition, unauthorized disclosure of trade secrets or violation of intellectual property rights." The court held that "the agreement compels arbitration of the claims employees are most likely to bring against Countrywide," but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|----------|------------------------------|------|---------------|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

"exempts from arbitration the claims Countrywide is most likely to bring against its employees." Id. at 176.

Unlike the provisions held unconscionable in Grabowski, Martinez, and Mercuro, the DPR does not limit the carve-out to claims by SCPMG or to actions involving unfair competition, trade secrets, intellectual property, or confidential information. See Killion Decl., Ex. C. at 37. Instead, the DPR carve-out expressly concerns actions "by either party." Id. Further, it only covers those temporary restraining orders and preliminary injunctions necessary "to preserve the status quo pending arbitration." Id. In doing so, the DPR simply restates California Code of Civil Procedure § 1281.8(b), which provides that:

> A party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending, or if an arbitration proceeding has not commenced, in any proper court, an application for a provisional remedy in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief[14] . . . .

Plaintiff does not provide any authority for holding language that mirrors § 1281.8(b) to be unconscionable. On the contrary, the Ninth Circuit has acknowledged that § 1281.8(b) "ensures mutuality between the parties so that both have access to the courts to obtain preliminary injunctions, temporary restraining orders, and other forms of provisional relief." Nagrampa, 469 F.3d at 1287. The court then rejected a carve-out for a company "to obtain provisional relief on any cause of action it might assert": i.e., a carve-out considerably broader than § 1281.8(b). Id. Accordingly, the carve-out in the DRP is not substantively unconscionable.[15]

_____

[14] Provisional remedies under § 1281.8(b) include preliminary injunctions and temporary restraining orders. Id. § 1281.8(a)(3).

[15] The judicial carve-out held substantive unconscionable in Poublon was significantly broader. Despite requiring plaintiff to submit all claims against defendants to arbitration, it permitted defendants to seek judicial resolution of "any claims by the Company that include a request for injunctive or equitable relief, including, without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

### c.    Confidentiality

The DPR provides that "[n]o part of the procedures shall be open to the public or the media," and that "[a]ll evidence discovered or submitted at the hearing is confidential and may not be disclosed, except pursuant to court order."  Killion Decl., Ex. C. at 42.  Plaintiff argues that this facially neutral confidentiality provision unfairly favors defendants by (1) allowing defendants to learn as "repeat players" in the arbitration process, while preventing employees from learning from similar prior cases, and (2) preventing plaintiff from sharing evidence with other claimants.  Opp. at 13.  Plaintiff cites cases in which the Ninth Circuit has found confidentiality provisions unconscionable for these reasons.  See Pokorny v. Quixtar, 601 F.3d 987, 1002 (9th Cir. 2010) (finding a confidentiality provision unconscionable because it handicapped plaintiffs' ability to investigate while allowing the employer to learn how to better arbitrate future claims); Davis v. O'Melveny & Myers, 485 F.3d 1066, 1078-79 (9th Cir. 2007) (finding a confidentiality clause unconscionable because it prevented employees from contacting other employees to assist in arbitration), overruled on other grounds by Ferguson v. Corinthian Colls., Inc., 733 F.3d 928, 933-34 (9th Cir. 2013); Ting v. AT&T, 319 F.3d 1126, 1151-52 (9th Cir. 2003) (holding that the district court had not erred in finding a confidentiality provision unconscionable because AT&T had "placed itself in a far superior legal posture by ensuring that none of its potential opponents have access to precedent while, at the same time, AT&T accumulates a wealth of knowledge"); Grabowski v. Robinson, 817 F. Supp. 2d 1159, 1176-77 (S.D. Cal. 2011) (holding confidentiality clause unconscionable because it would prevent the employee from contacting other employees for assistance).

The DRP confidentiality provision is less restrictive than those held unconscionable in the cases cited above.  For example, the provision in Davis precluded mention of "the existence of a controversy" to "anyone not directly involved in the mediation or arbitration."  485 F.3d at 1078-79.  Likewise, the clause in Grabowski encompassed "[a]ll aspects of the arbitration."  817 F. Supp. 2d at 1176-77.  In contrast, the DRP confidentiality provision only extends to "evidence discovered or submitted at

limitation, claims related to the enforcement of" certain restrictive covenants and intellectual property rights.  See Poublon, 2015 WL 588515 at *5-6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|----------|------------------------------|------|---------------|
| Title    | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

the hearing." Killion Decl., Ex. C at 42.[16]  Moreover, even assuming the provision is unduly restrictive, the Ninth Circuit has cautioned against invalidating arbitration agreements on the basis of confidentiality provisions, noting that "[p]laintiffs are free to argue during arbitration that the confidentiality clause is not enforceable." Kilgore v. KeyBank, N.A., 718 F.3d 1052, 1059 n.9 (9th Cir. 2013); see also Herrera v. CarMax Auto Superstores Cal., LLC, No. CV-14-776-MWF (VBKx), 2014 WL 3398363, *9-10 (C.D. Cal. July 2, 2014) (acknowledging that a possible interpretation of a confidentiality provision "would be substantively unconscionable," but finding that the "potentially unconscionable interpretation of the confidentiality provision does not so permeate the arbitration agreement as to render it unenforceable," where no other provisions were substantively unconscionable); Velazquez v. Sears, No. 13cv680-WQH-DHB, 2013 WL 4525581, *5-6 (S.D. Cal. Aug. 26, 2013) (similar).  For these reasons, the Court does not find the confidentiality provision at issue to render the arbitration agreement unconscionable.[17]

---

[16] SCPMG argues that "[t]his is the same rule applicable in all AAA arbitrations." Repl. at 11.  However, the AAA Rules state only that "[t]he arbitrator shall maintain the confidentiality of the arbitration . . . ." LeCrone Decl., Ex. E at Rule 23.  The two rules are not equivalent because a rule imposing a duty of confidentiality on the arbitrator does not raise the same risks as a rule imposing such a duty on the parties: i.e., the risk that employees will be hampered in their efforts to investigate and enlist the assistance of coworkers in arbitrating their claims, while the employer will be free to accumulate a body of knowledge and learn from past arbitrations.

[17] In Poublon, this Court held a somewhat broader confidentiality provision to be one of several substantively unconscionable provisions.  That provision was not limited to "evidence discovered or submitted at the hearing," and instead provided: "[a]ll aspects of the arbitration, including without limitation, the record of the proceedings, are confidential and shall not be open to the public," except to the extent the parties agree in writing, or as necessary in subsequent proceedings between the parties or in response to a "government agency or legal process." Poublon, 2015 WL 588515 at *7-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

### d.     Expenses

The DRP states that "[t]he arbitrator shall apply the substantive applicable law . . . and may award any remedy authorized by law, including attorney's fees and costs that are authorized by statute."  Killion Decl., Ex. C. at 42.  However, it does not specify the allocation of the costs of the arbitration.  Plaintiff informs the court that, in light of the silence of the DRP, SCPMG "has offered to pay for the cost of the arbitrator."  Opp. at 14.  However, plaintiff argues, without citation to authority, that "[i]t is too late to modify the substantively unconscionable failure to allocate the cost of the arbitrator to Defendants."  Id.

The California Supreme Court has explained that "the arbitration agreement or arbitration process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court."  Armendariz v. Found. Health Psychare Servs., Inc., 24 Cal. 4th 83, 110-11 (2000) (emphasis in original).  Courts have held provisions requiring employees to "split the cost of arbitration" to be unconscionable.  Martinez v. Master Protection Corp., 118 Cal. App. 4th 107, 115-16 (2004); Ting v. AT&T, 319 F.3d 1126, 1151 (9th Cir. 2003); Circuit City Stores, Inc. v. Adams, 279 F.3d 889 (9th Cir. 2002).

In Ting, for example, the Ninth Circuit affirmed a district court's conclusion that a fee-splitting scheme was unconscionable "because it imposes on some consumers costs greater than those a complainant would bear if he or she would file the same complaint in court."  319 F.3d at 1151.  By the same token, the court in Grabowski v. Robinson determined that an expenses provision was not unconscionable because it required the plaintiff to pay a maximum of $260, which amounted to two days' worth of his cash compensation, and was less than the filing fee in the district court.  817 F. Supp. 2d 1159, 1177 (S.D. Cal. 2011).

None of these cases stand for the proposition that DRP's silence on the allocation of the costs of the arbitration is substantively unconscionable, particularly where SCPMG has agreed to pay plaintiff's share of the AAA administrative fees and costs.  See Declaration of Olivia Sanders ("Sanders Decl."), Dkt. no. 25-3, Ex. 1 at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | No. 2:14-cv-08772-CAS (VBKx) | Date | March 2, 2015 |
|---|---|---|---|
| Title | MELEZ v. KAISER FOUNDATION HOSPITALS, INC., ET AL. | | |

In sum, the DRP is not sufficiently procedurally or substantively unconscionable to overcome the FAA's "liberal federal policy favoring arbitration agreements."  <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 25 (1991) (quoting <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24 (1983)).[18]

**V.    CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** defendants' motion to compel arbitration and stay proceedings in this case.

IT IS SO ORDERED.

| | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[18]In <u>Poublon</u>, this Court found not unconscionable an expenses provision that provided: "Unless precluded by decisional or other law in the jurisdiction where venue lies for the Arbitration, the Employee shall bear a portion of the reasonable expenses of the arbitration up to the lesser of (a) one-half of these expenses, or (b) an amount equal to two (2) days of the Employee's gross annual cash compensation (including bonuses, commissions, and related cash compensation) during the twelve (12) months immediately preceding the notice of claim initiating the Employment Dispute Arbitration Procedure." <u>Poublon</u>, 2015 WL 588515, at *12-13.